IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHISN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICKEY BELLEW JR.,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**BANK OF SPRINGFIELD,** )<br>)<br>**Defendant.** ) | Case No. 24-cv-1881-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Rickey Bellew Jr. alleges sexual orientation discrimination based on hostile work environment and disparate treatment against his former employer, Defendant Bank of Springfield. Bellew asserts claims under Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act ("IHRA").

Now pending before the Court is Defendant's motion to dismiss Plaintiff's First Amended Complaint (Doc. 28), which Plaintiff opposes (Doc. 33). For the following reasons, the motion is **GRANTED in part**.

### Background

The following facts are taken from Plaintiff's First Amended Complaint and are deemed true for purposes of this motion. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008): Rickey Bellew Jr., a homosexual male, began his employment with Bank of Springfield ("BOS") on September 30, 2019, as Assistant Vice-President and financial advisor (Doc. 27, p. 2 ¶¶ 12–13). In December 2019, McKenzie Breihan, the Bank President, became aware of Bellew's sexual orientation (*Id.*, pp. 3–4 ¶¶17–18, 26).

Bellew alleges that from August 2021 to October 2022, he endured pervasive sexual harassment and discriminatory treatment from Breihan (*Id*., pp. 3–5). Breihan's conduct allegedly included frequent sexual remarks targeting Mr. Bellew's sexual orientation and unwelcome body contacts (Doc. 27, pp. 3–4 ¶¶ 21–24). Bellew alleges Breihan would often make offensive statements as Bellew headed to a nearby sandwich restaurant. For instance, Breihan would comment "did the guy at [the sandwich shop] give you his foot long"; and "did he give you his meat today?", sometimes coupling these statements with a limp wrist gesture toward Bellew (*Id*.). Additionally, Bellew alleges Breihan treated him differently by referring significant less financial advising clients to him compared to non-homosexual financial advisors, adversely affecting his income potential (*Id*. p. 5 ¶¶ 30–33).

Around May 2022, Bellew reported these incidents to his supervisor and manager, but the alleged discriminatory behaviors continued (Doc. 27, p. 6 ¶¶ 36, 37). Bellew alleges he was constructively discharged on October 11, 2022 (*Id*., p. 6 ¶ 38). He subsequently filed charges with the Equal Employment Opportunity Commission and the Illinois Department of Human Rights, seeking redress for the violations of his civil rights under Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act.

## Discussion

When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is

satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

### Counts I and III – Hostile Work Environment

BOS moves to dismiss Counts I and III for failure to state a plausible sexual harassment claim based on hostile work environment under title VII or the IHRA (Doc. 28, pp. 4–7). "An actionable hostile environment claim requires the plaintiff to prove: (1) that the work environment was both subjectively and objectively offensive; (2) that the harassment was based on membership in a protected class; (3) that the conduct was severe or pervasive; and, (4) that there is a basis for employer liability." *Alexander v. Casino Queen, Inc.*, 739 F.3d 972, 982 (7th Cir. 2014) (quoting *Mendenhall v. Muller Streamline Co.*, 419 F.3d 686, 691 (7th Cir. 2005)). "Factors to consider include the frequency and severity of conduct, as well as if it is physically threatening or humiliating, or merely an offensive utterance, or whether it interferes with an employee's work performance." *Emerick v. Wood River-Hartford Sch. Dist.*, No. 15, 2017 WL 2778624, at *9 (S.D. Ill. June 27, 2017).

BOS argues Breihan's alleged statements "can only be described as innocuous" and "[t]o allow Plaintiff's Complaint to proceed past the pleading stage would be to turn Title VII into a general civility statute." (Doc. 28, p. 6). The Court disagrees. Unlike cases in which courts have sexual harassment claims arising from isolated incidents, Bellew alleges he suffered pervasive harassment for over a year; reporting the incidents to human resources to no avail. These

allegations are sufficient to state a plausible hostile work environment claim. And because "Illinois federal courts analyze and apply the same standard to Title VII and IHRA discrimination claims," the motion to dismiss Counts I and III is denied. *Reed v. Freedom Mortg. Corp.*, 869 F.3d 543, 547 (7th Cir. 2017).

### Counts II and III – Disparate Treatment

BOS contends Counts II and III should be dismissed because "Plaintiff did not exhaust his administrative remedies with respect to his claims for sexual orientation discrimination based on 'disparate treatment'" (Doc. 28, p. 7). However, Bellew argues his disparate treatment claims should not be dismissed because the allegations supporting the claim are reasonably related the allegations contained in his EEOC Charge.[1]

To bring a Title VII claim, "a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). Thereafter, a plaintiff filing suit in federal court "may bring only those claims that were included in her EEOC charge, or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005).

Claims are "like or reasonably related" when (1) "there is a reasonable relationship between the allegations in the charge and the claims in the complaint" and (2) "the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge."

---

[1] Courts typically refrain from granting Rule 12(b)(6) motions on affirmative defenses. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). When all relevant facts are presented, however, "the court may properly dismiss a case before discovery." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Defendant attached Bellew's complete form for charge of discrimination to IDHR (Doc. 28, pp. 12–18) to its motion. Bellew also referenced the form in his pleadings. (Doc. 27, p. 6 ¶ 40). Thus, the Court will consider it in ruling the motion to dismiss. *188 LLC v. Trinity Industries, Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) ("documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.").

*Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). The charge and complaint "must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Id.* at 501 (emphasis in original). A plaintiff cannot bring a new claim that is "inconsistent with" the claim in his [administrative] charge, even if the new claim "involves the same parties and the same facts as the other claim." *Miller v. Am. Airlines, Inc.*, 525 F.3d 520, 526 (7th Cir. 2008). The fact that the charge and complaint generally assert the same kind of discrimination is not sufficient, without some factual relationship between them. *Cheek*, 31 F.3d at 501.

Bellew's disparate treatment claims, as asserted, are not reasonably related to the claims asserted in his IDHR charges. Bellew's Charge of Discrimination to the IDHR focused entirely on evidence of a hostile work environment—he mentioned only inappropriate sexual language and unwelcome conduct. These claims and allegations are not like or reasonably related to his disparate treatment claim because there is not "a factual relationship between them. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994) ("a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination."). As such, the disparate treatment claims asserted in Counts II and III[2] will be dismissed.

---

[2] Plaintiff combined his state law claims of hostile work environment and disparate treatment into the same count, rather than separating them into different counts

**Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED in part**. The disparate treatment claims in Counts II and III are **DISMISSED** for Plaintiff's failure to exhaust administrative remedies.

**IT IS SO ORDERED.**
**DATED: September 30, 2025**

**STACI M. YANDLE**
**United States District Judge**